# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ANGELO PANTANO, <br>     *Petitioner*, <br> vs. <br> WILLIAM DONAT, *et al.*, <br>     *Respondents.* | 3:08-cv-00685-ECR-VPC <br><br> ORDER |

This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motion (#28) to dismiss. Respondents contend: (a) that the claim of cumulative error in Ground 7 of the counseled amended petition does not relate back to the timely-filed *pro se* original petition to the extent that the claim is based upon underlying trial error rather than alleged ineffective assistance of trial and appellate counsel; and (b) that Ground 7 further is not exhausted to this same extent.

## *Relation Back*

There is no dispute that the original petition was filed before the expiration of the federal one-year limitation period and that the amended petition was filed after the expiration of the limitation period. The sole issue presented as to timeliness is whether Ground 7 in the amended petition relates back to the timely claims in the original petition pursuant to Rule 15(c)(2) of the Federal Rules of Civil Procedure to the extent that Ground 7 is based upon underlying trial error rather than alleged ineffective assistance of trial and appellate counsel.

In Ground 21 of the original federal petition, petitioner stated in the title, *inter alia*, that he had been denied "rights to a speedy trial, due process, and equal protection of the laws and effective assistance of counsel as guaranteed by the Fifth, Sixth and Fourteenth Amendments . . . due to the cumulative effect of errors committed by trial counsels [sic], appellate counsels [sic], the prosecution and the trial court, resulting in a constitutionally infirm jury verdict." Petitioner referred to having "presented over twenty (20) claims for relief, herein." Petitioner adopted "all facts and arguments submitted in the foregoing claims for relief in support of this instant claim for relief." He then "revisited" key facts supporting the claim of cumulative error in Ground 21 in twenty-four numbered paragraphs. #10, at 116-121.

The preceding twenty grounds in the original federal petition, in the main, presented claims of ineffective assistance of trial and/or appellate counsel. Ground 2 alleged that the Supreme Court of Nevada failed to provide effective appellate review, and Ground 20 included claims that petitioner had been denied necessary transcripts.

The federal petition also included Grounds 22 through 29. Grounds 22 through 27 presented claims of trial error. Grounds 28 and 29 alleged errors in connection with the state post-conviction proceedings.

Original federal Ground 21 further alleged as follows:

> The Nevada Supreme Court, on direct appeal of Petitioner's Judgment of Conviction, found several trial errors and held them to a harmless error analysis.
>
> Petitioner contends the errors found by the appellate court on direct appeal, in combination with the errors ascribed herein, overcome the harmless error analysis and amount to a cumulative effect warranting reversal as it left the trial process constitutionally defective.

#10, at 121.

Amended Ground 7 asserts a claim of cumulative error that extends to all claims alleged in the counseled amended petition, including claims of trial error as well as claims of ineffective assistance of trial and appellate counsel. #20, at 65.

A new claim in an amended petition that is filed after the expiration of the one-year limitation period will be timely only if the new claim relates back to the filing of a claim in a

timely-filed pleading under Rule 15(c)(2) of the Federal Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005). In *Mayle*, the Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction or sentence. 545 U.S. at 655-64, 125 S.Ct. at 2570-75. Rather, under the construction of the rule approved in *Mayle*, Rule 15(c)(2) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." 545 U.S. at 657, 125 S.Ct. at 2571. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. 545 U.S. at 659 & n.5, 125 S.Ct. at 2572 & n.5.

The cumulative error claim in amended Ground 7 relates back in its entirety under the standard enunciated in *Mayle*.

The Court notes at the outset that original federal Ground 21 referred expressly to the errors found by the Supreme Court of Nevada on direct appeal and contended that these cumulative effect of *these* errors, "in combination with the errors ascribed herein," required reversal. One might quibble on the present relation-back issue that the Supreme Court of Nevada did not find error, harmless or otherwise, on each and every claim raised on direct appeal that now is presented in amended federal Grounds 1 through 4. But it is abundantly clear that the *pro se* petitioner did not seek to limit his claim of cumulative error in original federal Ground 21 to only underlying claims of ineffective assistance of trial and appellate counsel. He, expressly, did exactly the opposite.

In all events, the entirety of amended Ground 7 relates back to the original petition given the fact that respondents do not challenge the relation back of the claims of trial error

in amended Grounds 1 through 4 to the original petition. Under *Mayle*, a claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. 545 U.S. at 659 & n.5, 125 S.Ct. at 2572 & n.5. If the legal claims in Grounds 1 through 4 are based upon the same operative facts as timely claims in the original petition, then the addition of an *arguendo* new and/or expanded cumulative error legal theory in amended Ground 7 tied to the same operative facts as Grounds 1 through 4 also relates back and is timely.[1]

Ground 7 accordingly is timely in its entirety.[2]

### *Exhaustion*

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the state supreme court. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d

---

[1] As a practical matter, finding relation back of a cumulative error claim based upon this premise will allow a habeas petitioner to add a cumulative error claim virtually at any time so long as the underlying factual claims have been timely presented in prior claims. However, this result would appear to follow from the relation back rules as discussed in *Mayle*. In contrast, a cumulative error claim does not relate back to the extent that it is based upon a core of operative facts that has not been previously presented in timely claims. *Accord Frazier v. Farmon*, 2007 WL 2019549, at *25 (E.D. Cal., July 9, 2007)(similar parsing between timely and untimely aspects of cumulative error claim). The fact that a late-breaking cumulative error claim is timely of course does not dictate a conclusion that the claim also is exhausted.

[2] The Court has excused petitioner's failure to argue relation back in the original briefing in this instance. As the Court has noted in other cases recently, the Federal Public Defender should not assume that similar failures to address all issues on a motion to dismiss as required by Local Rule LR 7-2(d) will be excused either prior to or after judgment in the future.

Both counsel in this case have argued the relation-back and exhaustion issues almost as a single question, arguing both issues together and referring repeatedly and extensively in their relation-back arguments to the content of the state court pleadings. The relation-back and exhaustion issues are distinct issues that are decided under different legal principles and that are directed to the relationship of the amended federal petition to *different pleadings*. The *only* pertinent question as to timeliness is whether the challenged claims in the federal amended petition relate back to the claims in the original *federal* petition.

Nothing herein constitutes a tacit acceptance of petitioner's additional subsidiary arguments on the relation-back issue.

1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See,e.g., Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

In state Ground 21, petitioner alleged in the title, *inter alia*, that he had been denied "rights to a speedy trial, due process, and equal protection of the laws and effective assistance of counsel as guaranteed by the Fifth, Sixth and fourteenth Amendments . . . due to the cumulative effect of errors committed by trial counsels [sic], appellate counsels [sic], the prosecution and the trial court, resulting in a constitutionally infirm jury verdict." #24, Ex. 61, at 85. Initially, in the body of the claim, petitioner referred to the prior "twenty (20) grounds for relief," and stated that he "adopt[ed] all facts and arguments presented in Grounds One - Twenty, inclusive, in support of this instant claim for relief." #24, Ex. 61, at 85. These state law grounds, without material exception, presented only claims of ineffective assistance of trial and appellate counsel.

However, petitioner further referred expressly and with particularity in state Ground 21 also to the issues raised on direct appeal. He noted that the state supreme court had found numerous errors but found that the errors were harmless error. After noting each such issue, petitioner asserted that he "has NOW apprized [sic] this court of numerous additional errors which overcome the reasonable doubt analysis" conducted on direct appeal. #24, Ex. 61, at 89-90. Petitioner requested in the final sentence that the state court grant the petition "due to the cumulative effect of errors throughout the judicial proceedings." *Id.*, at 91.

The exhaustion issue perhaps is closer as to claims of trial error as to which the Supreme Court of Nevada did not explicitly find error on direct appeal. However, this Court

1 is persuaded, on the arguments made, that petitioner fairly alerted the state courts on post-
2 conviction review that he was seeking to overturn his conviction based upon a claim of
3 cumulative error that was not limited solely to underlying claims of ineffective assistance of
4 counsel.  That is, he clearly alerted the state courts on post-conviction review that he was
5 seeking to overturn his conviction due to the combined effect of claims of trial error based
6 upon the claims argued on his direct appeal together with his post-conviction claims of
7 ineffective assistance of counsel. Particularly considering his *pro se* status in the state courts,
8 petitioner was not required to do more to fairly present such a claim of cumulative error based
9 upon both trial error and ineffective assistance of counsel.

10       The state supreme court instead reviewed the cumulative error claim as one based
11 solely on the cumulative effect of the alleged claims of ineffective assistance of counsel.
12 Given that the state supreme court did not address the claim as one based also on trial error,
13 the Court will review the claim *de novo* when it addresses the merits of Ground 7.

14       IT THEREFORE IS ORDERED that respondents' motion (#28) to dismiss is DENIED.

15       IT FURTHER IS ORDERED that, taking into account the number of claims in the
16 amended petition, including subparts, respondents shall file an answer to the amended
17 petition within sixty (60) days of entry of this order.  Respondents shall specifically cite to and
18 address the applicable state court written decision and state court record materials, if any,
19 regarding each claim within the response to that claim. Respondents shall respond to Ground
20 7 under a *de novo* standard of review.

21       IT FURTHER IS ORDERED that, similarly taking into account the number of claims,
22 petitioner shall have sixty (60) days from service within which to file a reply.

23       DATED this 7th day of March 2011.

24
25
26 _____
27 EDWARD C. REED
United States District Judge
28